OPINION
This matter presents a timely appeal from a judgment rendered by the Mahoning County Common Pleas Court, vacating its previous judgment entered on December 20, 1993 enforcing a settlement agreement, and thereby setting this matter for trial.
The within case presents a somewhat tortured procedural history. On August 7, 1992, plaintiff-appellee, Frank A. Rulli, filed a civil complaint against defendants-appellants, Fan Co. (Nick and Anthony Rulli), concerning the operation of and participation in a corporation and a partnership jointly and equally owned by all three Rulli brothers. Rulli Bros., Inc. was an Ohio Corporation and Fan Co., an Ohio Partnership.
Ultimately, on June 23, 1993, after a multitude of filings, the case was called for hearing on pending motions. During the hearing, counsel for both parties indicated that they had reached a settlement agreement resolving all disputed matters. Counsel for appellee then read the settlement agreement into the record, indicating that appellee would purchase his brothers' interest in both the corporation and the partnership for $950,000.00 each. The corporation was to be sold by way of an asset sale to appellee, with the terms payable in cash within ninety days. The corporation would maintain a $200,000.00 inventory, and all fixtures were to remain in place. Appellants (Nick and Anthony Rulli) retained the right to use the names "Rulli Brothers" and "Rulli Brothers Market." Furthermore, appellants agreed to be solely responsible for any encumbrances, liens or liabilities of the two businesses. Appellee and appellants were equally responsible (one-third each) for the mortgage on a parcel of real estate owned by the partnership.
The trial court filed its judgment entry on June 23, 1993, marking the case settled and dismissed. Subsequently, the parties disputed the meaning and existence of the settlement agreement. Therefore, the parties failed to complete a formal purchase agreement. Appellants then filed a motion to enforce the settlement agreement. In response, appellee filed a motion to vacate the June 23, 1993 judgment entry. The trial court heard oral argument on both motions, but precluded evidence presented by counsel for appellee concerning the terms of the settlement agreement. The trial court concluded that the parol evidence rule barred any statements disputing the finality of the settlement agreement. The trial court interpreted the settlement agreement consistent with appellants' contention, and awarded $2,000,000.00 in damages to appellants.
This court affirmed the trial court's decision, but modified the original judgment awarding damages by ordering specific performance pursuant to the sale price discussed in the original hearing. Appeal was taken to the Ohio Supreme Court.
The Ohio Supreme Court determined that, when the existence of a settlement agreement is disputed, the trial court must hold an evidentiary hearing prior to issuing a judgment. Specifically, the Ohio Supreme Court stated that the lack of finality and the timing of the dispute were indicia of the need for an evidentiary hearing. Therefore, the Ohio Supreme Court reversed and remanded this case to the trial court for further proceedings consistent with its opinion.
Upon remand, the trial court held an evidentiary hearing regarding the existence of the settlement agreement and the meaning of its terms. On February 5, 1998, the trial court vacated its previous judgment enforcing the settlement agreement, and set the matter for trial. It is from this decision that the within appeal emanates.
Appellants set forth one issue for review on appeal, as follows:
 "WHETHER THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO FOLLOW THE MANDATE OF THE OHIO SUPREME COURT ON REMAND."
Appellants argue that even though an evidentiary hearing was held, the trial court misconstrued the ruling of the Ohio Supreme Court and thus, abused its discretion in rendering its judgment. Appellants maintain that the Ohio Supreme Court did not rule on the merits of this case in appellee's favor, but rather, simply required that an evidentiary hearing be held. Specifically, appellants assert that the Ohio Supreme Court decision was limited to a verbatim reading of its holding.
An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Tracy v. Merrell DowPharmaceuticals, Inc. (1991), 58 Ohio St.3d 147. Furthermore, a reviewing court may not substitute its judgment for that of the trial court absent an abuse of discretion. Tracy, supra.
The Ohio Supreme Court in Rulli v. Fan Co. (1997),79 Ohio St.3d 374, held that a trial court must conduct an evidentiary hearing to resolve disputes regarding the meaning of the terms and the existence of a settlement agreement. The Court based this decision upon both the lack of finality of the agreement and the fact that the dispute evolved subsequent to the initial settlement hearing. Rulli, supra at 377. However, the Ohio Supreme Court further alluded to the fact that in the case at bar there was no meeting of the minds, which is a required element for purposes of establishing a valid settlement agreement. Rulli,supra at 376, citing Noroski v. Fallet (1982), 2 Ohio St.3d 77,79.
An examination of the record demonstrates that the trial court properly exercised its discretion in vacating its previous judgment entry filed December 20, 1993, which enforced the parties' purported settlement agreement. On remand from the Ohio Supreme Court, the trial court did, in fact, hold an evidentiary hearing as required. At this hearing, both parties presented evidence regarding the existence and meaning of the settlement agreement at issue. The trial court, consistent with the Ohio Supreme Court mandate, then entered judgment vacating its previous entry enforcing said settlement agreement, as there was not enough evidence to establish a meeting of the minds.
Regardless of whether the trial court was required to definitively rule in favor of appellee on his motion to vacate or to hold an evidentiary hearing, an evidentiary hearing was, in fact, conducted as explicitly required by the Ohio Supreme Court. Therefore, it cannot be said that the trial court's actions were arbitrary, unreasonable or unconscionable. The trial court's decision did not rise to the level of an abuse of discretion.
Accordingly, appellants' argument on appeal is found to be without merit.
The judgment of the trial court is affirmed.